```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

RHETT DANIELS and ELIZABETH
TREZZA,

         Plaintiffs,

v.                                  Case No:  2:14-cv-31-FtM-29DNF

JAMES JOSEPH DANIELS, JR.,

         Defendant.
```

**ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #12) filed on February 19, 2014. Defendant filed a Memorandum of Law in Opposition (Doc. #14) on February 26, 2014.

On or about April 7, 2013, plaintiffs filed suit in the Lee County Circuit Court naming James Joseph Daniels, Jr. (defendant) and William England. (Doc. #12, ¶ 1; Doc. #14, p. 1.)[1] On or about July 19, 2013, plaintiffs amended the complaint to add James Joseph Daniels, Sr. as a third defendant. On or about July 31, 2013, defendant filed a Motion to Dismiss (Doc. #5) the Amended Complaint. In November and December 2013, the co-defendants James Joseph Daniels, Sr. and William England were dismissed leaving defendant James Joseph Daniels, Jr. only. On or about December

---

[1] The Notice of Removal (Doc. #1) appears to contain a typographical error in paragraph 1 regarding the filing date of the initial Complaint.

23, 2013, upon the dismissal of William England, defendant states that the case became removable. (Doc. #1, ¶¶ 4-7.) On January 21, 2014, defendant James Joseph Daniels, Sr. filed his Notice of Removal (Doc. #1) after dismissal of his co-defendants.

Plaintiff seeks remand, arguing that defendant waived his right of removal because of his substantial defensive actions taken in state court prior to removal, specifically, defendant's on or about December 26, 2013, filing of Objections to Subpoenas. The Court finds that filing Objections to discovery within days of removal and prior to the Notice of Removal being filed in federal court did not waive defendant's right to remove the case. The Notices of Production (Doc. #12, pp. 7, 10) clearly provide that the subpoenas would be issued if no objections were received within 15 days from service if by mail. Participation in state court that is not substantial or dictated by the rules will not cause a waiver of the right of removal. Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004). See also Cruz v. Lowe's Home Ctrs., Inc., 8:09-cv-1030-T-30MAP, 2009 WL 2180489, *3 n.3 (M.D. Fla. July 21, 2009)(collecting cases). Defendant had a deadline to preserve objections and it was the only action that took place in the narrow window before the Notice of Removal was filed. The motion to remand will be denied.

The Court notes that plaintiffs were directed to respond to the Motion to Dismiss I and IV of Plaintiff's Amended Complaint (Doc. #5) and no response was filed. The Court notes, however, that the motion was directed to the Amended Complaint and the Second Amended Complaint (Doc. #2) is now the operative pleading in this case. Therefore, the motion to dismiss will be denied as moot.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #12) is **DENIED.**
2. Defendant's Motion to Dismiss Counts I and IV of Plaintiff's Amended Complaint (Doc. #5) is **DENIED as moot** in light of the operative Second Amended Complaint (Doc. #2).

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of March, 2014.

                                                JOHN E. STEELE
                                                UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record